[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from a motor vehicle accident between the plaintiff, Linda Van Tassel, and the defendant, Kevin Hamilton. Van Tassel's two count complaint alleges negligence and recklessness by Hamilton in causing the accident. Van Tassel has moved for summary judgment on the issue of liability on the first count of her complaint. In support of her motion, she has submitted an affidavit in which she attests that Hamilton's car struck hers after "fishtailing" due to the wet road conditions on the day of the accident. Additionally, Van Tassel submitted an uncertified copy of the police report in which Hamilton admitted crossing over into the lane that Van Tassel's vehicle was in, striking it. In her memorandum of law in support of the motion, Van Tassel argues that she is entitled to judgment as a matter of law on the first count because "there is no factual dispute that the defendant lost control of his vehicle and crossed the center line and crashed into [my] vehicle. . . ." (Plaintiff's Memorandum, p. 6.) CT Page 5261-JJJ
In response, Hamilton submitted an affidavit in which he asserts that after his car began to fishtail, he was unable to stop it from colliding with Van Tassel's car, but he denies that he was negligent in the ways set forth in the complaint; that is, speeding or failing to exercise caution to prevent the accident, among other things. He argues that the issue of negligence in this case renders it inappropriate for resolution by summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995).
Practice Book § 379 provides, in pertinent part: "[A]ny party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial."
On December 6, 1995, Van Tassel filed a claim for the civil trial list. Subsequently, on May 13, 1996, she filed a motion for summary judgment. Van Tassel did not, prior to the filing of her motion for summary judgment, seek the court's permission to do so. Accordingly, because Van Tassel has not complied with Practice Book § 379, the court should deny her motion for summary judgment. Moreover, the copy of the police report submitted in support of Van Tassel's motion in not certified nor is its accuracy attested to by counsel. This is in violation of Practice Book § 380, and is itself also a basis for denial of the motion.
Additionally, there is a genuine issue of material fact in this case concerning the question of negligence which renders summary judgment inappropriate. Although Hamilton admits that his car crossed over into the lane Van Tassel was driving in, he has denied driving in a negligent manner. The court cannot conclude at this juncture that Van Tassel is entitled to judgment as a matter of law since there exist issues of material fact warranting a trial on the issue of liability. Accordingly, Van Tassel's motion for summary judgment as to count one is denied.
Stodolink, J. CT Page 5261-KKK